CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 02 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ELIZABETH H. GREEN, | Civil Action No. 5:06CV00077 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Honorable Glen E. Conrad United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Elizabeth H. Green, was born on December 15, 1961, and eventually completed her high school education. Ms. Green has worked as a customer service representative, sales person, and office manager. She last worked on a regular and sustained basis in 2003. On April 22, 2004, Ms. Green filed an application for a period of disability and disability insurance benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on October 31, 2003 due to osteoarthritis in her knees, arthritis throughout her body, and post-surgical residuals of carpal tunnel syndrome in both wrists. Ms. Green now maintains that she has remained disabled to the present time.

The record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. § 423.

Ms. Green's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 17, 2006, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that plaintiff suffers from status post carpal tunnel release surgery in both wrists, x-ray evidence of osteoarthritis of both knees, and a history of substance abuse. Despite these impairments, the Administrative Law Judge held that Ms. Green retains sufficient functional capacity to return to her past relevant work roles as a customer service representative and office manager. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See, gen., 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Green has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

2

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Among other problems, Ms. Green suffers from obesity and severe musculoskeletal dysfunction in both knees. However, the court believes that the Administrative Law Judge reasonably determined that plaintiff retains sufficient functional capacity for a limited range of sedentary exertion. Simply stated, the medical record lends some support to the Law Judge's finding that plaintiff's knee problems are not so severe as to prevent her from sitting for sustained periods. (TR 148). Moreover, there is some indication that plaintiff's knee problems are substantially relieved through fairly routine medical procedures. (TR 240-41). However, it is beyond question that Ms. Green is unable to perform work activity which requires prolonged standing or walking. The record currently before the court indicates that plaintiff's prior work roles required her to be on her feet for sustained periods of time. Moreover, there is some indication that, because of recurring problems in her arms, Ms. Green is unable to perform work activity which requires prolonged manipulation or use of the upper extremities. The court believes that the vocational expert's testimony suggests that plaintiff's past relevant work roles required such activities. Accordingly, the court is unable to conclude at this time that the record supports the Law Judge's finding that Ms. Green retains sufficient functional capacity to perform certain of her past relevant work roles. The court finds "good cause" for remand of this case to the Commissioner for further consideration.

Although a vocational expert testified at the administrative hearing, there was no significant questioning as to the requirements of plaintiff's past work. The vocational expert generally characterized work activity as a customer service representative, sales person, and office manager to be skilled and sedentary. (TR 393). However, in a work history report given on June 28, 2004, Ms. Green related that her work as a customer service representative required her to stand, walk, and greet

customers. (TR 84). As a front office manager, she was required to walk and stand 8 to 10 hours a day. (TR 85-87). The Administrative Law Judge did not mention the work activity report in his opinion. Clearly, Ms. Green's knee problems are so severe as to prevent her from performing any past work activity which requires prolonged standing or walking. The court concludes that the record does not support the finding that Ms. Green retains sufficient functional capacity to return to the work she previously performed as a customer service representative and front desk manager.

Even given that Ms. Green can no longer perform the particular jobs she previously held, there is a remaining question as to whether plaintiff could engage in such work roles as they are generally performed in the national economy. In this context, as well as in considering the issue of the manipulative requirements of such work roles, the court finds the testimony of the vocational expert to be instructive. The transcript of the administrative hearing reveals the following exchange between the Administrative Law Judge [ALJ] and the vocational expert [VE]:

> Q [ALJ]: Thank you. I have no further questions on that. Oh, I have one sort of, and this is kind of difficult, that involves the use of hands. If one had – I'm trying to put this in functional terms the best I can. Let's say a worker had a hand problem where when they use something like a keyboard for ten minutes, they're required a pause and a break and a flexing out of the hands and relaxation of the hands before they could return to the activity again. So it appears to me they could like for ten minutes do it, and then needed to stretch and rest the hands. How would that impact on the jobs that she's done in the past?
>
> A [VE]: The specific jobs that she's done in the past, Your Honor, I don't think she would be able to do.
>
> Q: Why?
>
> A: Well, especially the customer service and sales. They are pretty much, like she said, being on the phone almost constantly, and either keyboarding or writing. The reservations, the front desk work, could certainly potentially work within those, but you're going to have busy times at a couple of times of the day that you would have to work fairly constant for, say, an hour. Like you know, if you're working morning shift and everyone's checking out, or a couple hours it's pretty busy.

4

|       | And then after that there would be more time to – you know, to be able to relax those hands. |
| Q: | So you're ruling out both of those, leaving the other one? |
| A: | I would certainly rule out the customer service, the Adelphia job, and the office manager job because that would pretty much require -- |
| Q: | How about the other one? |
| A: | – frequent to constant – the front desk, I think could be done as long as, you know, you keyboard, and then have literally seconds to stop and stretch your hands and then go back to it again. If you had to stop for, say, ten minutes or longer, I don't think that it would work. But if it was just keyboard, stretch your hands, do something else, I think that would be all right. |
| Q: | This is a pretty common complaint, hand usage, in these types of jobs? |
| A: | Yes. |
| Q: | Are you experience [sic] outside the Dictionary of Occupational Titles with people that have to use their hands in some other type work? |
| A: | Yes, sir. |
| Q: | Data entry too and stuff like that? |
| A: | Right. And there are positions that someone with those kinds of limitations, I think, could do. Just I don't think it's predominantly her past positions. But as long – there are clerical types of positions that require only occasional use of the hands to reach, handle, or finger. And of course, the numbers are greatly reduced as a result of that, but there are positions that only require occasional, which means that they can use their hands for a total of up to a third a day. |

(TR 393-94).

As previously noted, the medical record confirms that plaintiff has undergone carpal tunnel release surgery on both wrists. As previously noted, the medical record demonstrates that Ms. Green has experienced recurrent pain and limitation in her upper extremities, especially the right wrist. In June 2006, she was also treated for tendonitis in the right shoulder. The Administrative Law Judge

5

found that Ms. Green experiences severe wrist impairments, which could be expected to impose limitations in functioning. (TR 18). Ms. Green described functional limitations in her upper extremities at the time of the administrative hearing. (TR 374, 377, 379-82). To the extent that the Administrative Law Judge determined that plaintiff's testimony in this regard was not credible, the court is unable to conclude that the Law Judge's evaluation is supported by substantial evidence. The court finds that Ms. Green has met the burden of proof in establishing that she is disabled for her past relevant work roles as a customer service representative and front office manager because of her combination of musculoskeletal impairments impacting her knees and upper extremities.

Once a claimant establishes disability for past relevant work, the burden of going forward with the evidence shifts to the Commissioner to demonstrate the existence of other jobs existing in significant number in the national economy which the claimant could be expected to perform. See Taylor v. Weinberger, 512 F.2d 664 (4th Cir. 1975). See also, 20 C.F.R. § 404.1520. The court finds "good cause" for remand of this case to the Commissioner for further consideration of this remaining issue.

For the reasons stated, the court has found "good cause" for remand of this case to the Commissioner for further consideration of plaintiff's claim for a period of disability and disability insurance benefits. See 42 U.S.C. § 405(g). An appropriate order will be entered this day. Upon remand, both sides will be entitled to submit additional evidence and argument.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 2ᵈ day of May, 2007.

*[signature]*
United States District Judge